UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PEAK ROCK CAPITAL, <br> a Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> PEAK EQUITY PARTNERS, <br> a partnership or corporation <br> of unknown provenance, <br><br> Gregory Case, <br> an Individual, and <br><br> Paul Winn, <br> an Individual, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:15-cv-256 |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff Peak Rock Capital LLC, by and through the undersigned counsel, and files this Complaint against Defendants and alleges the following:

## NATURE OF THE ACTION

1. This is an action for trademark infringement and unfair competition under the United States Trademark (Lanham) Act 15 U.S.C. §§ 1051, *et seq.*, and unfair competition, unjust enrichment, and trademark infringement under the common law and the laws of this State.

2. Plaintiff is a highly successful, independent, and privately held company serving the market for private equity services and related capital investment services.

3. Plaintiff focuses on making equity and debt investments in middle market companies throughout North America and Europe in a variety of industries. Those industries include, but are not limited to, business and commercial services, consumer markets, distribution

and logistics, energy and related services, healthcare, industrials, manufacturing, media and metals. Plaintiff makes investments in companies in order to support management in driving rapid growth as well as in improving profits through the implementation of operational improvements and strategic initiatives.

4. Plaintiff has invested significantly in its business as well as its branding, including use of the marks PEAK ROCK and/or PEAK ROCK CAPITAL and/or the logo ![PEAK ROCK CAPITAL®] (collectively "the marks").

5. As a result of its extensive advertising, provision of services, sound business practices, and operations, Plaintiff has established strong relationships with an impressive list of current and prospective investors who have come to recognize and respect the services provided by Plaintiff and identified using the marks of Plaintiff. Plaintiff's services, via the marks of Plaintiff, have obtained committed capital from public and private pension funds, endowments, foundations, funds of funds, as well as sovereign wealth funds which include a large number of individuals, corporations and institutional investors. Moreover, Plaintiff regularly sources investment opportunities by engaging with investment banks, advisory firms, and professional service firms. In addition, Plaintiff has widespread renown in its market amongst both investors and those seeking investment. Accordingly, Plaintiff has developed substantial goodwill and a reputation for integrity in its market, both of which are inextricably intertwined with the marks.

6. The marks of Plaintiff are distinctive and well known as used in connection with the services offered by Plaintiff, resulting in recognition that the services offered under the marks emanate from a single source – namely Plaintiff. Thus there is a likelihood of confusion that the abovementioned investors and firms will be confused unless Defendant is enjoined.

7.      The goodwill embodied in the marks of Plaintiff, and consequently Plaintiff's valuable reputation and credibility in the industry, depends on the integrity of the marks as being identified exclusively with Plaintiff – and not any other source.

8.      This lawsuit is brought to stop Defendants' infringement of valuable intellectual property rights, including the marks relating to Plaintiff's business, from passing off Defendants' operations as those of Plaintiff, including engaging in activities likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person.

9.      Defendant Peak Equity Partners' business operations, as well as the PEAK EQUITY moniker and/or logo **PEAK EQUITY PARTNERS**, are nearly an exact copy of those pertaining to Plaintiff and in some regards identical or confusingly similar to the marks of Plaintiff, and are an apparent intentional effort to imitate and/or cause confusion with respect to the successful business and the marks of Plaintiff.

10.     On information and belief, Plaintiff and Defendant have a direct overlap in customers insofar as they both draw from, and thus compete for, the same pool of investors.

11.     On information and belief, Plaintiff and Defendant likely work with the same pool of investment banks, advisory and professional service firms to source investment opportunities.

12.     Defendants' infringement of Plaintiff's intellectual property rights harms Plaintiff, as well as those customers and potential customers of Plaintiff who may be confused and deceived by Defendants' business and/or Defendants' unauthorized reproduction and/or imitation of Plaintiff's trademark, both federally registered and at common law.

13. Plaintiff respectfully seeks intervention of this Court to stop Defendants from continuing their present activities and for monetary damages.

## THE PARTIES

14. Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

15. Peak Rock Capital LLC (hereafter "Plaintiff") is a Limited Liability Company organized in Delaware and having a principal place of business at 13413 Galleria Circle, Suite Q-300, Austin, TX 78738. Plaintiff is engaged in the business of, among other things, private equity services and related capital investment services.

16. On information and belief, Defendant Peak Equity Partners is an entity of unknown provenance operating its business through the websites www.peakequity.com and http://dev.peakequity.com/. Defendant can be served with process at its principal offices at 555 East Lancaster Avenue, Suite 500, Radnor, PA 19087. Peak Equity Partners is engaged in the business of, among other things, private equity services and related capital investment services.

17. On information and belief, Defendant Gregory Case is the co-founder and/or managing partner of Peak Equity Partners and can be served personally.

18. On information and belief, Defendant Paul Winn is the co-founder and/or managing partner of Peak Equity Partners and can be served personally.

19. On information and belief, all Defendants are involved with the websites located at http://www.peakequity.com/ and http://dev.peakequity.com/.

## JURISDICTION AND VENUE

20. Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

21. The Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, and 1338, and has supplemental jurisdiction over the state law claims under 28 U.S.C. §1367(a).

22. On information and belief, this Court has personal jurisdiction over Defendants because Defendants are doing business within this State and the acts complained of herein occurred in at least this State.

23. On information and belief, Defendants have willfully and voluntarily committed the acts complained of herein in at least this State.

24. On information and belief, venue is proper under 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

**A.  PEAK ROCK CAPITAL, LLC'S TRADEMARKS**

25. Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

26. Since at least as early as July 2012, Plaintiff has been operating under the name and using the marks, in connection with its services, and such use has been continuous and continues today.

27. Since its opening, Plaintiff has expanded and currently operates throughout the United States, North America and Europe.

28. Plaintiff has continually used the marks in commerce, throughout the United States, North America and Europe. The marks are inherently distinctive and serve to identify and indicate the source of its private equity services and related capital investment services to those in the relevant market.

29. Plaintiff has extensively advertised and promoted its services and has developed substantial recognition in the marketplace for its services bearing the marks of Plaintiff. Plaintiff's advertising has included brochures, mailings and other letters, the Internet, and in other manners customary to the trade. Plaintiff also regularly interacts and conducts business with its clients via the telephone, facsimile, mail and/or email using the marks of Plaintiff.

30. As a result of Plaintiff's use and promotion of the marks, the marks have become distinctive to designate Plaintiff, to distinguish Plaintiff and its services from those of others, and to distinguish the source or origin of Plaintiff's services. As a result of these efforts by Plaintiff, those in the relevant market throughout the United States, North America, and Europe widely recognize and associate the marks with Plaintiff.

31. As a result of Plaintiff's long use and promotion of the marks in the United States, North America, and elsewhere, Plaintiff has acquired valuable common law rights in the marks.

32. Plaintiff has registered PEAK ROCK CAPITAL as U.S. Trademark Registration No. 4,374,901 on the Principal Register of the United States Patent and Trademark Office, A true and correct copy of the Certificate of Registration is attached hereto as Exhibit A.

33. Plaintiff extensively advertises through all apt forms of media. Additionally, Plaintiff has been featured on several relevant websites, including [www.Pehub.com](www.Pehub.com), [www.altassets.net](www.altassets.net).

34. Through its trademark registrations and its consistent and continuous use, advertising, and third-party media attention, Plaintiff has developed enforceable statutory and/or common law trademark, trade name, and trade dress rights in the marks. Plaintiff has established fame and substantial goodwill with its customers via the marks and has developed an excellent reputation throughout the United States, North America and Europe. In addition, Plaintiff has

invested significantly in advertising the registered PEAK ROCK CAPITAL Trademark in association with its business.

## B. DEFENDANTS' INFRINGING ACTIVITIES

35. Upon information and belief, Defendant is also referred to as, and promotes its services under, "Peak Equity Partners", "Peak Equity", and "Peak News" including on the websites www.peakequity.com and http://dev.peakequity.com (collectively its "monikers").

36. The terms "capital" and "equity" are synonyms.

37. The term "partners" is indicative of a form of business organization.

38. On information and belief, Defendant Peak Equity Partners is a partnership.

39. On information and belief, Defendant Gregory Case is a partner in Defendant Peak Equity Partners.

40. Defendant Gregory Case is the registrant of the PeakEquity.com domain name.

41. On information and belief, Defendant Paul Winn is a partner in Defendant Peak Equity Partners.

42. On information and belief, Defendants Gregory Case and Paul Winn started a private equity firm in November of 2013 called CaseWinn LLC, with the stated intent of focusing on enterprise software and tech-enabled companies with annual revenue of between $10 million and $50 million.

43. At some point in 2014, upon information and belief, Defendants Gregory Case and Paul Winn started operating as Peak Equity Partners. Defendants Gregory Case and Paul Winn did so, on information and belief, in order to capitalize upon the marks and goodwill of Plaintiff.

44.     Peak Equity Partners first began operations in 2014, years after first use of the marks of Plaintiff, including the registered PEAK ROCK CAPITAL Trademark.

45.     On information and belief, Defendant Peak Equity Partners has offered services in interstate commerce.

46.     On information and belief, Defendant Peak Equity Partners engaged in interstate commerce when it "it sourced and co-led the acquisition of" EnterpriseDB Corporation.

47.     On information and belief, Defendant Peak Equity Partners engaged in interstate commerce by seeking capital investment related to EnterpriseDB Corporation.

48.     On information and belief, seeking capital investment related to EnterpriseDB Corporation would have required Defendant Peak Equity Partners to contact potential capital sources in a number of states.

49.     In the relevant market, contacting potential capital sources would typically require communications – using its monikers – with those in a number of states, and would likely include New York, California and Texas. Thus, on belief, Defendant Peak Equity Partners has purposefully availed itself of the privilege of conducting activities in Texas and is subject to jurisdiction in this state as set forth under Texas Civil Practices and Remedies Code § 17.042.

50.     On January 13, 2015, Plaintiff gave notice of the infringing activities related to the PEAK ROCK CAPITAL Trademark prior to the commencement of this action, demanding a halt to specific acts.

51.     On February 5, 2015, Defendant Peak Equity Partners replied, and did not deny that Peak Equity Partners services are identical to or closely related to the services offered by Plaintiff.

52. Indeed, Defendant Peak Equity Partners admitted in its February 5, 2015 reply that both Plaintiff and Defendant Peak Equity Partners would be dealing with entities having $50,000,000 in annual revenues with respect to private equity services.

53. Defendant Peak Equity Partners offers identical or closely related services which include but are not limited to those of Plaintiff.

54. On February 13, 2015, Plaintiff replied requesting that Defendant Peak Equity Partners cease using the PEAK EQUITY moniker in commerce.

55. On February 25, 2015, Defendant Peak Equity Partners replied that it will not cease using the PEAK EQUITY moniker.

56. Given that the Parties operate in the same industry using essentially identical names and targeting the same companies, continued use of Defendant Peak Equity Partners' PEAK EQUITY moniker will confuse and mislead those in the relevant market.

57. On information and belief, Defendants are associated with the website located at http://www.peakequity.com/ which the website also states it is a transition for a new online presence.

58. On information and belief, Defendants are associated with the website located at http://dev.peakequity.com.

59. The aforesaid domain names are comprised of the words "PEAK" and "EQUITY."

60. The homepage of http://dev.peakequity.com states: "Looking to connect with Peak Equity?"

61. The web page http://dev.peakequity.com/news is titled "PEAK NEWS".

62. The content at http://dev.peakequity.com/news/peak-equity-partners-sourced-and-co-led-acquisition-postgres-database-leader-enterprisedb is prefaced with "PEAK NEWS".

63. Defendant Peak Equity Partners' PEAK EQUITY moniker was first used in the United States after July 2012.

64. Plaintiff's registered PEAK ROCK CAPITAL Trademark was used in the United States before Defendant Peak Equity Partners' PEAK EQUITY moniker was first used in the United States.

65. Plaintiff's registered PEAK ROCK CAPITAL Trademark was used in interstate commerce in the United States before Defendant Peak Equity Partners' PEAK EQUITY moniker was first used anywhere.

66. Plaintiff's registered PEAK ROCK CAPITAL Trademark was used in interstate commerce in the United States before Defendant Peak Equity Partners' PEAK EQUITY logo was first used anywhere.

67. The marks of Plaintiff were used in the United States before Defendant Peak Equity Partners' PEAK EQUITY moniker or logo were first used anywhere.

68. The services offered under Defendant Peak Equity Partners' PEAK EQUITY moniker are identical to or closely related to the services offered under Plaintiff's registered PEAK ROCK CAPITAL Trademark.

69. Given that the Parties operate in the same industry using essentially identical names and targeting the same market, Defendant Peak Equity Partners' continued use of the PEAK EQUITY moniker and logo will confuse and mislead the public.

70. On information and belief, and notwithstanding the foregoing, Defendants have operated and continue to operate Peak Equity Partners and continue to engage in the acts

complained of herein. Such activities directly infringe on Plaintiff's intellectual property and use Plaintiff's intellectual property to compete with Plaintiff. Like Plaintiff, Defendants offer private equity services and related capital investment services to the same customer base as Plaintiff by virtue of the trade channels - a fact that was never denied in correspondence from Defendant Peak Equity Partners to Plaintiff.

71. On information and belief, Defendants are willfully operating Peak Equity Partners and engaging in the acts complained of herein.

C. EFFECT OF DEFENDANTS' ACTIVITIES

72. Defendants' activities falsely represent to the relevant public that there is an association with Plaintiff.

73. Defendants' unauthorized use of the marks is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant Peak Equity Partners' services by Plaintiff.

74. Defendants' unauthorized use of the marks falsely designates the origin of its services, and falsely and misleadingly describes and represents facts with respect to its services.

75. Defendants' unauthorized use of the marks enables Defendants to trade on and receive the benefit of goodwill built up at great labor and expense by Plaintiff, and to gain acceptance for its services not solely on its own merits, but on the reputation and goodwill of Plaintiff, its marks, the registered PEAK ROCK CAPITAL Trademark, and its services.

76. Defendants' unauthorized use of its monikers and logo is likely to cause dilution of the registered PEAK ROCK CAPITAL Trademark under 15 U.S.C. § 1125(c).

77.     Defendants' unauthorized use of its monikers and logo is likely to cause dilution of the registered PEAK ROCK CAPITAL Trademark and/or the marks of Plaintiff in violation of Texas Business and Commerce Code § 16.103.

78.     Defendants' unauthorized use of the marks unjustly enriches Defendants at Plaintiff's expense. Defendants have been and continue to be unjustly enriched, obtaining a benefit from Plaintiff by taking undue advantage of Plaintiff and its extensive goodwill. Specifically, Defendants have taken unfair advantage of Plaintiff by trading on and profiting from the goodwill in the marks developed and owned by Plaintiff, resulting in Defendants wrongfully obtaining a monetary and reputational benefit for their own business and services.

79.     Defendants' unauthorized use of the marks removes from Plaintiff the ability to control the nature and quality of services provided under the marks, and places the valuable reputation and goodwill of Plaintiff in the hands of Defendant, over whom Plaintiff has no control.

80.     Unless these acts of Defendants are restrained by this Court, they will continue, and they will continue to cause irreparable injury to Plaintiff and to the relevant public for which there is no adequate remedy at law.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

81.     Plaintiff repeats the allegations above as if fully set forth herein.

82.     The acts of Defendants complained of herein constitute infringement of Plaintiff's federally registered PEAK ROCK CAPITAL Trademark in violation of 15 U.S.C. § 1114(1).

83.     Defendants' acts complained of herein have been deliberate, willful, intentional, and/or in bad faith, with full knowledge and conscious disregard of Plaintiff's rights in the registered PEAK ROCK CAPITAL Trademark, and with intent to cause confusion and to trade

on Plaintiff's extensive goodwill in the registered PEAK ROCK CAPITAL Trademark. In view of the egregious nature of Defendants' infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

### COUNT II: FEDERAL UNFAIR COMPETITION

84. Plaintiff repeats the allegations above as if fully set forth herein.

85. The acts of Defendants complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

### COUNT III: COMMON LAW TRADEMARK INFRINGEMENT

86. Plaintiff repeats the allegations above as if fully set forth herein.

87. The acts of Defendants complained of herein constitute trademark infringement in violation of the common law of this State.

### COUNT IV: COMMON LAW UNFAIR COMPETITION

88. Plaintiff repeats the allegations above as if fully set forth herein.

89. The acts of Defendants complained of herein constitute unfair competition in violation of the common law of this State.

### COUNT V: FEDERAL TRADEMARK DILUTION

90. Plaintiff repeats the allegations above as if fully set forth herein.

91. The acts of Defendants complained of herein constitute dilution of Plaintiff's registered PEAK ROCK CAPITAL Trademark in violation of 15 U.S.C. § 1125(c).

92. Defendants willfully intended to trade on the recognition of Plaintiff's registered PEAK ROCK CAPITAL Trademark and/or to harm the reputation of those marks.

### COUNT VI: TEXAS TRADEMARK LAW

93. Plaintiff repeats the allegations above as if fully set forth herein.

94. The acts of Defendants complained of herein are in violation of Texas Business and Commerce Code § 16.103.

### COUNT VII: UNJUST ENRICHMENT

95. Plaintiff repeats the allegations above as if fully set forth herein.

96. The acts of Defendants complained of herein constitute unjust enrichment of Defendants at the expense of Plaintiff.

### DEMAND FOR A JURY TRIAL

97. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury of all issues properly triable by jury.

### PRAYER FOR RELIEF

98. WHEREFORE, Plaintiff requests entry of judgment in its favor and against Defendants including the following:

   a. A judgment declaring that Defendants have infringed the marks of Plaintiff under state and federal law;

   b. A judgement for Plaintiff on all other counts asserted herein;

   c. A judgment awarding Plaintiff damages as a result of Defendants' infringement with interest and costs;

   d. A judgment declaring that Defendants' infringement of the marks has been willful and deliberate;

   e. A judgment declaring that Defendants' business, and the present operations under its monikers and logo, in competition with the marks of Plaintiff, constitute trademark infringement under 15 U.S.C. § 1114, are prohibited under 15 U.S.C. § 1125 and Texas Business and Commerce Code § 16.103, constitute unfair

competition under state and federal law, and also that Defendants' acts constitute willful infringement under 15 U.S.C. § 1117;

f. A judgment ordering that Defendants be ordered to pay any and all damages available under 15 U.S.C. § 1117, including court costs, expenses, enhanced damages, statutory damages to the extent permissible, and attorney's fees;

g. A judgment holding Defendants jointly and severally liable;

h. A grant of permanent injunction enjoining the Defendants from further acts of trademark infringement and unfair competition;

i. Any other accounting for damages;

j. Any other appropriate interest and costs; and

k. For such other and further relief as the Court deems just and proper.

DATED this 3rd day of April, 2015.

Respectfully submitted,

_/s/ *Darlene Ghavimi*_____
DARLENE GHAVIMI
TX Bar No. 24072114
dghavimi@conleyrose.com
CONLEY ROSE, P.C.
13413 Galleria Circle, Suite 100
Austin, TX 78738

STEWART N. MESHER
TX Bar No. 24032738
smesher@conleyrose.com
CONLEY ROSE, P.C.
13413 Galleria Circle, Suite 100
Austin, TX 78738

ATTORNEYS FOR
PEAK ROCK CAPITAL, LLC